UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------

KERRY CODDETT,

Plaintiff,

-against-

THE CITY OF NEW YORK,
ANTHONY MATOS, and
P.O. SALAZAR,

Defendants.

------------------------------------------------------------x

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ NOV 12 2010 ★

BROOKLYN OFFICE

CV 10 - 5231

**COMPLAINT**

JURY TRIAL DEMANDED

BLOCK, J.

GOLD, M.J.

Plaintiff, KERRY CODDETT, by and through her attorneys, **THE LAW OFFICE OF SCOTT G. CERBIN, PLLC**, complaining of the defendants herein, respectfully shows the Court and alleges:

## PRELIMINARY STATEMENT

1.    This is a civil rights action in which the plaintiff seeks relief for the defendant's violation of her rights secured by the Civil Rights Act of 1871, 42 U.S.C. §§ 1981 and 1983; by the United States Constitution, including its Fourth and Fourteenth Amendments, and by the laws and Constitution of the State of New York. The plaintiff seeks damages, both compensatory and punitive, affirmative equitable relief, an award of costs and attorney's fees, and such other and further relief as this court deems just and equitable.

## JURISDICTION AND VENUE

2.    Jurisdiction of this Court is invoked under 28 U.S.C. § 1343 and 42 U.S.C. §§ 1981 and 1983.

3.    The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all state law claims and as against all

1

parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

4.      Venue herein is proper for the United States District Court for the Eastern District of New York under 28 U.S.C. § 1391 (a), (b) and (c).

## NOTICE OF CLAIM

5.      Plaintiff filed a Notice of Claim with the Comptroller of the City of New York on or about July 21, 2010 within 90 days of the events complained of herein. More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

6.      Plaintiff KERRY CODDETT is 23 years old and at all times hereinafter mentioned was and still is a citizen of the United States residing in the State of New York and the County of Kings. She is of Afro-Caribbean Ancestry.

7.      Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

2

9.     Defendants MATOS and SALAZAR are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, a municipal agency of defendant THE CITY OF NEW YORK. Defendants MATOS and SALAZAR are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants MATOS and SALAZAR are sued individually.

## STATEMENT OF FACTS

10.     On or about May 29, 2010 in the County of Kings plaintiff observed defendants MATOS and SALAZAR violently arresting a young male. When Plaintiff inquired as to why police were arresting the young man and questioned why they had to be so violent with him, she was cursed at by defendants. When Plaintiff commented about the vulgarity of defendants, defendant MATOS promptly arrested Plaintiff on charges of Disorderly Conduct, NY Penal Law § 240.20, Obstruction of Governmental Administration, Penal Law § 195.05, and Resisting Arrest, Penal Law § 205.30.

11.     At plaintiff's arraignment in the criminal court the following day she consented to the district attorneys request for an adjournment in contemplation of dismissal (NY CPL § 170.55).

3

## AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of federal civil rights under the United
States Constitution and 42 U.S.C §§ 1981 and 1983)

12. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

13. By their conduct and actions in arresting, imprisoning, physically assaulting, failing to intercede on behalf of Plaintiff and in failing to protect her from the unjustified and unconstitutional treatment she received at the hands of other defendants, defendant's MATOS and SALAZAR, acting with animus, and under color of law and without lawful justification, intentionally, maliciously, and with deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of the plaintiff's constitutional rights as guaranteed under 42 U.S.C. §§ 1981 and 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

14. As a result of the foregoing, plaintiff was deprived of her liberty, suffered specific bodily injury, pain and suffering, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A SECOND CAUSE OF ACTION
(False arrest and false imprisonment)

15. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

16. By the actions described above, defendants MATOS and SALAZAR falsely arrested or caused to be falsely arrested plaintiff without reasonable or probable cause, illegally and without a warrant, and without any right to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to

4

the plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

17.    As a result of the foregoing, plaintiff was deprived of her liberty, suffered specific bodily injury, pain and suffering, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A THIRD CAUSE OF ACTION
(Liability of Defendant the City of
New York for Constitutional Violations)

18.    Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

19.    At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through defendants MATOS and SALAZAR had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

20.    At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through defendants MATOS and SALAZAR had de facto policies, practices, customs and usages of failing to properly train, screen, supervise or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants. The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

21.    As a result of the foregoing, plaintiff was deprived of her liberty, suffered specific bodily injury, pain and suffering, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Negligent hiring, screening, retention, supervision and training)

22.      Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

23.      Defendant THE CITY OF NEW YORK negligently hired, screened, retained, supervised and trained defendants MATOS and SALAZAR.   The acts and conduct of the defendants were the direct and proximate cause of injury to the plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

24.      As a result of the foregoing, plaintiff was deprived of her liberty, suffered specific bodily injury, pain and suffering, great humiliation, costs and expenses, and was otherwise damaged and injured.

**WHEREFORE,** plaintiff demands the following relief jointly and severally against all of the defendants:

      a.   Compensatory damages;

      b.   Punitive damages;

      c.   The convening and empaneling of a jury to consider the merits of the claims herein;

      d.   Costs and interest and attorneys' fees;

      e.   Such other further relief as this court may deem appropriate and equitable.

Dated: Brooklyn, New York
    November 8, 2010

                              Respectfully submitted,

                              **SCOTT G. CERBIN, PLLC**
                              Counsel for the Plaintiff


                              By: Scott G. Cerbin (SC5508)
                              26 Court Street, Suite 810
                              Brooklyn, NY 11242
                              (718) 596-1829

7